The next case for argument is 14-7054 Smith v. McDonald You're going to have to help me with the pronunciation of your name. Thank you, Your Honor, and may it please the Court. The Veterans Court erred when it misinterpreted this Court's decision in NOVA and prevented the NOVA plan from being implemented in this case. Where in the record does it show that the VA promised to do more than offer to submit a joint motion for recall to the Veterans Court? The VA did what it promised to do before the Veterans Court here. They submitted the joint motion. What binds the Veterans Court to follow that request, that joint request from the parties? Because what the Veterans Court based its decision on in this case was an interpretation of the NOVA case and the NOVA plan, which allowed them to conduct its own review of whether or not the case is... The VA can't bind the Veterans Court, can it? This Court can bind the Veterans Court, and the Veterans Court, in its decision, defines good cause as... You didn't answer my question, did you? The VA cannot bind the Veterans Court. In this case, the Veterans Court defined good cause as whether or not Mr. Smith's case is contemplated by the NOVA plan, but then it proceeded to misinterpret the terms of that plan as they pertain to identification of cases to be returned to VA's jurisdiction for a new decision and an opportunity for a new hearing. The Veterans Court added an additional limitation, which simply does not exist, which requires that a Veteran demonstrate that a case actually be... That the Board actually, or at least possibly, may have applied the invalid 2011 rule. But irrespective of that, isn't it the case that the Veterans Court clearly has the ability to determine whether or not there's good cause for a remand? I mean, that's just within their authority, is it not? That's correct. Your Honor, we did not challenge the good cause standard itself. But what we do challenge is the Veterans Court's interpretation of the NOVA plan, because its conclusion regarding good cause in this case is guided and directed by its interpretation of the NOVA plan. For example, in its decision, the Veterans Court... What is it? Because the NOVA plan tells them they have to... I mean, the NOVA plan doesn't say, and they have to remand. It just deals with the parties filing motions for requesting a remand, right? But the NOVA plan does say that VA will submit a joint motion for remand, joint motion for recall judgment for any case that is identified by the search terms that are listed in the NOVA plan and in the VA's response to the... Yes, and that's what they did, right? There's no dispute that VA did exactly that, right? That's correct. All right, so what's the problem? Because there's nothing in the NOVA plan that allows the Veterans Court to conduct its own review of the advisability of using those search terms to identify cases to go back. In this case, the Veterans Court had this entire analysis here that shows that where they stated it would waste agency resources, the terms are too broad, they identify cases where the board may not have applied the 2011 rule, none of that is contemplated by the NOVA plan itself, which all the NOVA plan says is any case that is identified by these Westlaw search terms will be sent back to the board for a new decision and an opportunity for a new hearing. Does it say will be sent back? I thought the NOVA plan said that the parties will file the joint motion. Well, that is correct, yes, Your Honor. Does it say it will be sent back? No. So there's distance between filing a motion. Filing a motion contemplates that either the motion is going to be granted or that it's not going to be granted. It's nothing more than asking for something. Why didn't it say that they would stipulate if that's what they wanted to do, rather than file a motion, but rather stipulate to the result? Your Honor, I'm not sure why it wouldn't do that, but in this case... No, it wouldn't do that because a motion leaves leeway with the court to decide it. But again, in this case, the Veterans Court relied on its interpretation of which cases are covered by the NOVA plan. It's not that the Veterans Court had to grant these motions. It's that the Veterans Court, in this case... They didn't do that. They didn't interpret what's covered by it. They interpreted what the results were, which is different. You went through, you did the word search, you came up with this name, here it is, and it lacks merit. I would argue, for example, in this portion of the Veterans Court's decision, where the Veterans Court says, the parties seek to shift responsibility to the court to make the more detailed analysis required to determine whether a case so identified meets the more restrictive terms of the Federal Circuit's order. There is nothing in the Federal Circuit's order in the NOVA case that is more restrictive than what is listed in the NOVA plan itself. There's no additional limitation that the case actually has to have applied the 2011 rule. The Veterans Court is reading into the Circuit's decision something that's simply not there. But isn't that what the case was all about? It was about cases that were affected by the 2011 rule. That's why you were here. It wasn't about cases in which the 2011 rule wasn't even applied. That was what this whole thing was about, right? That is correct. But, in NOVA, this court requested that the VA and the government devise a plan to both identify and rectify potential harms. And the plan that VA and the government came up with was to identify these cases through the use of broad search terms and file a motion to remand the case back to the board for a new decision and opportunity for a new hearing. Right. And doesn't, as I said before, and Judge Wallach said as well, that the fact that it requires that they file a motion does not necessarily contemplate that the motion will necessarily be granted. I mean, why wouldn't we want the Veterans Court, for the reasons they stated and you suggested, to scrutinize this in the way that they did? I mean, it's a matter of resources. There's a limited pie here. Why isn't this within the realm of, why is it contrary to anything that one could say was contemplated by this whole system? Simply because there was no limitation, the scope of the NOVA plan made clear that all of these cases identified are contemplated within the scope of the plan. Well, if it had said that, then it would have said, and they all have to be sent back, or the parties have to stipulate, and the cases have to be sent back. All it said was that there's a motion to be filed, right? Right. But the Veterans Court then went beyond the terms of the plan to find a limitation that was not there. The Veterans Court is relying on an interpretation of the plan. It's not that they necessarily need to grant all of these motions. It's that, in this case, they defined good cause in terms of whether or not the case comes within the scope of cases that need to be returned to the... Can I ask counsel a question? Answer. Counsel, let me refer you to the opinion of this court that was issued on August 5th, 2013, actually approving the plan. And as you may well know, we approached this issue with some trepidation because we don't ordinarily intrude upon the work of the agencies in quite such a way as we did here. So we were fairly careful in what we said when we approved the plan. And if you look at the paragraph immediately above the paragraph that starts conclusion, I'm now referring 725F13.12, what we said was, as was done in the development of the plan, we expect the VA to collaborate with Appellant Nova, etc., thus assuring that no Veteran who is entitled to procedural and due process benefits under 38 CFR, the old rule, thus assuring that no Veteran will be denied such benefits. That was the test that we articulated, and it is the governing test over our approval of the plan. Now, as I understand the record, there are some number of cases, perhaps as many as 19 or so, in which the evidence establishes that the Veteran was not denied the benefits of the old rule, but actually had a hearing in which the VA agency, the board, applied the proper rule. And given those cases, you're arguing that those cases should be reheard even though no benefit was denied to the Veteran. The VA in this case did the correct thing. They joined the joint motion because that was their obligation under the plan, but I don't see where there's an obligation. Perhaps you can help me. I haven't been able to find an obligation on the part of the judiciary, including the Court of Appeals for Veteran's Claims, to hear cases that have no justification because there's been no denial of the benefits that the regulations provided. Can you help me with that? Well, again, it's not necessarily that the Veterans Court has to grant these claims. It's that in this case, the Veterans Court is relying on an interpretation of the NOVA case. And earlier in that very decision, the court notes that it requested a plan to identify and rectify potential harms. The court notes that the cases will be identified by relevant search terms and that the notice, which is to be sent to all claimants identified, offers to vacate the affected board decisions and provide each affected claimant with a new hearing. So the group of potentially affected claimants, the court notes, is identified by the search terms, and what the Veterans Court has done in this case was move beyond those identified search terms and impose additional limitations. So our position is that the Veterans Court relied on a misinterpretation of the NOVA case and the NOVA plan. Thank you for that. Okay. If your honors have no further questions, I think there will be a rebuttal. May it please the court. The NOVA plan does not strip the Veterans Court or this court of its inherent authority to determine whether good cause exists to recall its mandate. Rather, the plan... But what about your friend's argument that he seems to go at the Veterans Court analysis, which is that they misconstrued the NOVA requirements in and of themselves? Isn't he on to something there if, in fact, we can read the NOVA plan as saying any time it meets the search terms, it's got to go back? I don't think that's a reasonable reading of the NOVA plan, your honor. The Veterans Court, in this particular case, looked at the documents that were submitted by the VA in the NOVA plan and concluded that the plain language of those documents and the intent of the plan was to remedy harm that was caused by the application of the invalid rule. And it cited specific pages of those documents. For instance, it recited the VA's response to the show cause order. And specifically, the VA represented that it would offer to submit a joint motion for the 2011 rule. In the proposed plan itself, the VA stated that the plan is to remedy any harm caused by the application of the 2011 rule. And finally, in the supplemental response, which was submitted to clarify questions that this court had, the VA clarified that it would seek remand in cases in which the board applied the 2011 rule against the claimant. So the VA was correct, or the Veterans Court was correct, when it stated that an important predicate of the plan was that the... Well, how can you be here now? This is personal, but I understand you're just here doing your job. But you're wearing two different hats then. You represented the VA there, and you construed, obviously, since you moved to remand it, you were construing it as meeting the plan. In other words, this is one of those cases that ought to be sent back. And now you're here arguing that no, the Court of Veterans Claims was correct, that this is not one of the cases that should be sent back. When you answer that, address your footnote in which you said, the VA is offering the opportunity for a new board decision to any claimant whose previous decision meets the technical criteria of the plan, regardless of whether actual prejudice is apparent. To answer both questions, I think we have to, obviously, start with the NOVA plan and what the NOVA plan actually imposes. It imposes obligations on the VA to request a remand in any case which is identified by the search criteria. So in Mr. Smith's case, it was identified by the search criteria. The VA did not have the discretion to determine whether or not to seek remand. In strict compliance, it was required to seek remand. It couldn't look at prejudice. It couldn't, Your Honor. I think we definitely flagged the issue for the Veterans Court in the footnote, stating that there was no application to a particular case. The parties stipulated to that. But the VA is required to request a remand, an opportunity to potentially have the board relook at the case. However, the NOVA plan also clearly states, and this is on page 94 and 95 of the Joint Appendix, that the decision to recall mandate is within the discretion of the issuing court, whether that is this court or the Veterans Court. So there was never an intent in the NOVA plan to guarantee a certain result. I mean, obviously, the VA cannot do that. It can simply submit a motion requesting remand, but it has no control over how the Veterans Court or this court exercises its discretionary authority. So I think the position of the VA has been consistent both before the Veterans Court and this court, which is that the NOVA plan requires the VA to submit a request for remand. However, it is within the discretion of the issuing court whether or not good cause exists to grant the motion for recall. In other words, you're saying that the criteria which the VA has to follow in terms of a request are something less different than the criteria that the Veterans Court claims would necessarily have to follow under the NOVA agreement. Yes, Your Honor. And I think the reason for that is because in seeking to rectify harm, the search criteria were intended to be very broad to ensure that all potential cases were captured in the search criteria. However, simply because the parties submit a motion does not require or does not restrict the Veterans Court or this court's ability to determine whether good cause exists. And in this particular case, as I mentioned before, and as Caswell mentioned, the test that the court applied was that the parties must show that the present case is contemplated by the NOVA plan. And the court went to the specific language in the NOVA plan, which I cited earlier, to determine that the intent was to rectify harm. And Judge Plager also, the Veterans Court, didn't specifically cite this court's decision in NOVA, but Judge Plager pointed out, and we pointed out in our brief as well, that there's language in this court's decision that supports that intent. That again, the intent was to rectify harm. So in a case such as Mr. Smith, where it is undisputed that the correct rule was applied and the invalid rule was not applied, that there's no good cause to remand this or to recall the court's judgment. The plan is just simply not as broad as Mr. Smith would have this court believe. If there are... Judge Plager, anything before our counsel sits down? Thank you very much. I have an idea, though. Yes, John.  In court, you can stipulate to bring something to the attention of the court, but you cannot stipulate to, especially the DOJ, to ask the court to reach an incorrect, factually incorrect result. That is, make a false representation of fact to the court. That's correct. And that's why I would say also in this particular case that VA did note for the Veterans Court that the record undisputably demonstrated that the rule was not applied in this case. Right. If there are no further questions, we ask that you affirm the decision of the Veterans Court.  Your Honor, may it please the Court. I just wanted to touch on one final thought about the plans, whether or not the plan restricts the Veterans Court's ability to use discretion in this case. The NOVA plan requires VA to argue at every level of the process that the Veterans Court should use its discretion in order to grant these joint motions to recall judgment and joint motions for remand. The Veterans Court did not do that in this case based on its misinterpretation of the NOVA plan and its insertion of additional limitations. The Veterans Court is not the VA. You're not saying that, are you? I'm not saying that. The Veterans Court did not grant the joint motions to recall judgment and joint motions for remand based on its misinterpretation of the NOVA plan. The harm here is that if the case was remanded, Mr. Smith would be entitled to a new hearing under the NOVA plan and an opportunity to submit additional evidence which he is entitled to do under the strict terms of the NOVA plan. So Mr. Smith requests that this court remand the case back to the Veterans Court to enforce the terms of the plan. Thank you. The case is submitted. We thank both counsel.